UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TAYLOR BENNETT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:16-cv-2044-CEJ |
| TIMOTHY J. LOWERY, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Taylor Bennett, a federal prisoner, for leave to commence this action without prepayment of the required filing fee. (Docket No. 2). For the reasons stated below, the Court finds that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. In addition, plaintiff will be given the opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess, and when funds exist collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to her account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement that

shows an average monthly balance of $5.17. The Court will therefore assess an initial partial filing fee of $1.00, twenty percent of her average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

## Discussion

Plaintiff pleaded guilty to federal charges that included mail fraud, aggravated identity theft, and possession of stolen mail. She brings this action pursuant to 42 U.S.C. § 1983 against eight individuals and one municipality, asserting that they violated her rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff's claims stem from events that occurred before, during, and after her arrest.

Plaintiff does not specify the capacity in which she sues the individual defendants. When a complaint is silent as to the capacity in which a person is being sued, a court must interpret the

complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an defendant in his or her official capacity is the equivalent of naming the entity that employs the defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). When the employer is a government entity, the plaintiff must allege that some official policy or custom is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). No such allegations appear in the complaint. However, the Court believes that these deficiencies can be cured by amending the complaint. Because plaintiff is proceeding pro se, she will be given an opportunity to file an amended complaint on a court-provided form in accordance with the specific instructions set forth below.

Plaintiff must include all of her claims in one, centralized complaint form. The Court will not search through supplemental and prior pleadings in order to piece together plaintiff's claims, nor will it require the defendants to do so. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings and supplements.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).* **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. Id. **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this court reviews.** *Id.* **As to each individual defendant named in the amended complaint, plaintiff must state whether she is suing that defendant in his or her official capacity, individual capacity, or both.**

3

In the "Caption" section of the amended complaint, plaintiff must state the name of each defendant she wishes to sue.  In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name.  In separate, numbered paragraphs under the name, plaintiff should (1) set forth in the allegations supporting his claim(s) against that defendant, as well as the constitutional right(s) that she claims that defendant violated and (2) state the capacity in which the defendant is being sued.  Plaintiff should then proceed in the same manner with each of the remaining defendants.

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief.  The allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances.  If plaintiff needs more space, she may attach additional sheets of paper to the amended complaint.  **No exhibits are to be attached to the amended complaint.**  Plaintiff must sign the amended complaint before returning it to the Court for filing.

Plaintiff is reminded that she is required to submit her amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific and actionable allegations against a defendant will result in the dismissal of this case against that defendant.  If plaintiff fails to file an amended complaint in accordance with the Court's instructions, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 8, 2017,** to submit an amended complaint in accordance with the instructions set forth above.

**Plaintiff is cautioned that her failure to timely comply will result in the dismissal of this action without prejudice and without further notice.**

Dated this 6th day of February, 2017.

                                            _____
                                            CAROL E. JACKSON
                                            UNITED STATES DISTRICT JUDGE