UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAYLOR BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-2044-CEJ |
| | ) | |
| TIMOTHY J. LOWERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

This matter is before the Court upon review of the second amended complaint filed by *pro se* plaintiff Taylor Bennett. For the reasons explained below, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

The allegations in the second amended complaint arise from the same facts in plaintiff's criminal case, *U.S.A. v. Bennett*, Case No. 4:13-cr-441-RWS-1 (E.D. Mo. Apr. 3, 2014). There, plaintiff pled guilty to mail fraud, access device fraud, possession of 15 or more unauthorized access devices, and possession of stolen mail. This Court takes judicial notice of the case file in that criminal action, and in *Bennett v. United States of America*, Case No. 4:14-cv-1438-RWS (E.D. Mo. Apr. 21, 2015), plaintiff's postconviction relief proceeding under 28 U.S.C. § 2255. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (*quoting In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court . . ."); *United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (The district court may take judicial notice of its own records).

Plaintiff's convictions stemmed from an August 27, 2013 incident in which officers of the Florissant, Missouri Police Department responded to a call from an individual who stated that

he saw plaintiff opening mailboxes in his neighborhood. Upon arriving at the scene, the officers questioned plaintiff and searched her backpack, discovering various items including an unauthorized access device and stolen mail. She was arrested. She ultimately pled guilty and was sentenced to a 48-month term of imprisonment and a three-year term of supervised release. Plaintiff's § 2255 motion was denied.

Plaintiff initiated this 42 U.S.C. § 1983 civil action on December 15, 2016, and was granted leave to proceed *in forma pauperis*. Upon initial review, the Court noted the complaint suffered from various deficiencies, and gave plaintiff leave to file an amended complaint. In so doing, the Court explained, *inter alia*, that plaintiff was required to state what each defendant did to violate her federally-protected rights, and that her allegations must be simple, concise and direct. In response, plaintiff filed an amended complaint and then a second amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e).

**The Second Amended Complaint**

The second amended complaint spans 19 pages, and contains eight counts. Plaintiff names nine defendants: Timothy J. Lowery (the Chief of Police of the City of Florissant Police Department); Florissant law enforcement officers Daniel Fletcher, Scott Sachs, Andrew Hale, and John Doe; Federal Public Defender Lucille Liggett; Assistant United States Attorney Tracy L. Berry; City of Florissant Police Department; and Lawrence Danielson (the Florissant resident who told police he noticed plaintiff engaged in suspicious activity). Plaintiff sues the defendants in their "individual and professional capacities." (Docket No. 6). Briefly, the second amended complaint alleges as follows.

Count I is titled Unreasonable Search and Seizure, and is alleged against Fletcher, Sachs, Doe and Danielson. Plaintiff alleges that her constitutional rights were violated on August 27,

3

2013 because Fletcher lacked reasonable suspicion to stop her and lacked probable cause to arrest her, Danielson falsely alleged that she walked on his property and opened mailboxes, Sachs requested permission to search her backpack, and Fletcher and Sachs conspired to commit false arrest and Doe took no action to stop them.

Count II is also titled Unreasonable Search and Seizure and is alleged against City of Florissant Police Department and Lowery, Fletcher, Sachs, Doe and Hale. Plaintiff alleges that defendants violated her constitutional rights on August 27, 2013 by holding her in custody too long without a hearing, and because they lacked probable cause to arrest her.

Count III is titled Municipal Liability and Violation of Due Process, and is alleged against all defendants. Plaintiff alleges that defendants violated her constitutional rights on August 27, 2013 when they did not allow her to call her attorney and subjected her to unpleasant jail conditions. Plaintiff alleges that "police officers" worked together to "bully, harass and deprive private citizens of their civil liberties," that "[d]efendants' conduct" caused her to be abused, and that "Defendants' actions" deprived her of property interests. (Docket No. 6 at 10). Plaintiff states that City of Florissant Police Department had a policy to use negligent hiring policies, to inadequately supervise its officers, and to hold people in jail without a hearing.

Count IV is titled "False Imprisonment" and is alleged against City of Florissant Police Department and Lowery, Fletcher, Sachs, Doe and Hale. Plaintiff alleges that defendants falsely imprisoned her and falsely arrested her.

Count V is titled "Ineffective Assistance of Counsel" and is alleged against defendant Liggett. Plaintiff alleges that Liggett committed various wrongs in the course of representing her during her criminal case, including failure to suppress evidence, failure to investigate disputed

4

facts, and failure to properly set forth the number of victims and the financial impact of plaintiff's crimes.

Count VI is titled "Fraud on the Court" and is alleged against Lowery, Fletcher, Sachs, Doe, Hale, Liggett and Berry. Plaintiff alleges that Liggett chastised her for sending a letter to the judge pre-sentencing, and failed to inform the Court of the unlawful actions of the police officers. Plaintiff also alleges that Liggett and Berry conspired to silence plaintiff's allegations about the police officers and to not investigate police corruption, perjury, filing of a false police report, and other such offenses. Plaintiff alleges that the sentencing judge was biased against her, and that Liggett and Berry "embraced that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner it impartial [*sic*] tasks of adjudging cases that are presented for adjudication." *(Id.* at 15).

Count VII is titled "Conspiracy to Violate Plaintiff's Constitutional Rights" and is alleged against Fletcher, Sachs, Doe and Hale. Plaintiff alleges that defendants conspired to fabricate charges against her. Count VIII is titled "Malicious Prosecution" and is alleged against Fletcher, Sachs, Doe and Hale. Plaintiff alleges that defendants wrongfully caused her to be criminally prosecuted.

Plaintiff seeks compensatory and punitive damages, treble damages, "injunctive relief sufficient to protect Plaintiff from ongoing harassment and intimidation of Defendants," and fees and costs. (Docket No. 6 at 17).

## Discussion

**Defendants City of Florissant Police Department, Lowery, Fletcher, Sachs, Hale, and Doe**

Plaintiff's claims against City of Florissant Police Department are legally frivolous and will be dismissed. Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff's official capacity claims against Lowery, Fletcher, Sachs, Hale and Doe will also be dismissed. Naming a government official in his official capacity in the equivalent of naming the government entity that employs him, which in this case is the City of Florissant Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because the City of Florissant Police Department is not a suable entity, the claims asserted against it through its employees are legally frivolous. In addition, the second amended complaint does not state a claim of municipal liability. "[I]t is well established 'that a municipality cannot be held liable on a respondeat superior theory, that is, solely because it employs a tortfeasor.'" *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (*quoting Atkinson v. City of Mountain View, Mo*., 709 F.3d 1201, 1214 (8th Cir. 2013)). Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Here, the second amended complaint contains no non-conclusory allegations tending to show a direct causal link between any official municipal policy or unofficial custom and the alleged constitutional violations, nor are there any non-conclusory allegations of a failure to train or supervise. While a *pro se* pleading is to be liberally construed, it still must allege specific facts which, if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) under some cognizable legal theory. *Martin v. Aubuchon*,

623 F.2d 1282, 1286 (8th Cir. 1980). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court turns to the individual capacity claims against Lowery, Fletcher, Sachs, Hale and Doe. In Counts II, III, IV, VII, and VIII, plaintiff purports to assert claims against these defendants, but she fails to allege how each of them was personally involved in or directly responsible for the alleged constitutional violations. Instead, plaintiff merely lists their names in the heading (or, in the case of Count III, specifies "ALL defendants") and then states that "defendants" or "defendant officers" collectively violated her rights. (Docket No. 6 at 9-19). This Court previously explained to plaintiff that she was required to set forth specific allegations supporting her claims against each individual defendant, and cautioned her that her failure to do so would result in the dismissal of her case against that defendant. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff's claims in Counts II, III, IV, VII and VIII are therefore not cognizable. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In Count I, plaintiff alleges that Fletcher conducted an unlawful investigatory stop and arrested her without probable cause. She also states that Sach's "actions were objectively unreasonable" and that Sachs was conducting a "fishing expedition" when he asked for permission to search her backpack, that Fletcher and Sachs conducted an illegal search, and that Doe knew or should have known their actions were illegal but failed to stop them. (Docket No. 6 at 8). Plaintiff's false arrest claim will be dismissed because she pled guilty to the charges

7

against her, and the Eighth Circuit has held that a conviction, pursuant to a guilty plea, acts as a complete defense to a civil rights action asserting false arrest. *See Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996) (*citing Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990)). In addition, plaintiff's false arrest claim, and her claims of an unlawful investigatory stop and illegal search, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Supreme Court held that a plaintiff may not recover damages in a § 1983 suit where a judgment in her favor would necessarily imply the invalidity of her conviction or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* rule in a § 1983 suit seeking declaratory relief); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (according to *Heck*, if a criminal conviction arising from the same facts still stands and is fundamentally inconsistent with the conduct for which § 1983 damages are sought, the § 1983 action must be dismissed).

Here, plaintiff does not assert that her criminal convictions have been set aside or otherwise held invalid. Plaintiff's claims here arise from the same facts as her criminal convictions, and address the validity of her arrest, related criminal proceedings, and convictions. If Fletcher and Sachs lacked reasonable suspicion when they first approached plaintiff, their subsequent conduct, including arresting plaintiff, would have been unwarranted, thus undermining the validity of plaintiff's convictions. This result is impossible under *Heck. See Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999) (section 1983 claims of false arrest and false imprisonment should be dismissed as Heck-barred). Plaintiff's illegal search claim is also *Heck*-barred. While a § 1983 action for illegal search is not categorically barred by *Heck*, in this case, plaintiff pled guilty to possessing items that were recovered in the

8

search. Therefore, a determination that the search was invalid would undermine the validity of those convictions, in contravention of *Heck*. Regarding Doe, a determination that he is liable to plaintiff for failing to intervene in unlawful activity would necessarily require a determination that the conduct in question was unlawful. As explained above, such a finding would be impermissible under *Heck*.

In Count I, plaintiff also alleges that Fletcher and Sachs conspired to violate her constitutional rights. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (internal quotation omitted). To demonstrate the existence of a conspiracy, a plaintiff must also allege facts suggesting a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.* at 798-99. Although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Here, plaintiff refers to the defendants collectively, and summarily alleges they conspired together. Because plaintiff sets forth only the summary allegation of a conspiracy, she fails to state a claim for conspiracy under § 1983.

For all of the foregoing reasons, plaintiff's allegations against City of Florissant Police Department and defendants Lowery, Fletcher, Sachs, Hale and Doe will be dismissed because they are legally frivolous and/or they fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**Defendants Danielson and Liggett**

Plaintiff's claims against Danielson and Liggett are subject to dismissal because neither of them were state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff identifies Danielson as "the caller that initiated the illegal actions by Florissant Police," and alleges that he falsely reported seeing plaintiff trespassing on his property and opening mailboxes. (Docket No. 6 at 2, 7-8). These allegations establish only that Danielson was a private citizen who contacted police to report suspicious activity, not a state actor. Liggett, an Assistant Federal Public Defender, represented plaintiff during her criminal case. All of Liggett's allegedly unconstitutional conduct was related to her function as plaintiff's counsel in the criminal proceedings. Plaintiff's claims against Liggett will therefore be dismissed because a public defender does not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

**Defendant Berry**

Berry, an Assistant United States Attorney, represented the United States during the criminal proceedings against plaintiff. All of Berry's allegedly unconstitutional conduct was related to her initiation and pursuit of a criminal prosecution against plaintiff. Plaintiff's claims against Berry will therefore be dismissed because Berry, a prosecutor, is absolutely immune. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal

prosecution); *see also Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) ("Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions . . . and other conduct that is intimately associated with the judicial process.").

Accordingly, for all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Dated this 4th day of May, 2017.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE